**FORD MOTOR CREDIT COMPANY, Plaintiff—Appellee,**

v.

**Richard M. SEGAL, Defendant— Appellant.**

No. 02–56463.

D.C. No. CV–01–03830–GAF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2004.

Decided May 14, 2004.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Michael J. Bertinetti, Katherine A. Knopoff, Severson & Werson, San Francisco, CA, for Plaintiff–Appellee.

Timothy R. Hanigan, Lang Hanigan & Carvalho, Woodland Hills, CA, for Defendant–Appellant.

Before RYMER and GRABER, Circuit Judges, and MOLLOY,* Chief District Judge.

## MEMORANDUM**

Defendant Richard Segal timely appeals the district court's award of summary judgment to Plaintiff Ford Motor Credit Company.

■ 1. Michigan law applies, as the parties' contract provides. In this diversity case we look to the forum state's choice-of-law rules. *Patton v. Cox,* 276 F.3d 493, 495 (9th Cir.2002). Under California law, a choice-of-law provision in a commercial contract is enforced if the chosen state has a substantial relationship to the parties or their transaction unless the chosen state's law is contrary to a fundamental California policy. *Nedlloyd Lines B.V. v. Superior*

---

* The Honorable Donald W. Molloy, Chief Judge, United States District Court for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**168**

*Court,* 3 Cal.4th 459, 11 Cal.Rptr.2d 330, 834 P.2d 1148, 1151–52 (1992).

Plaintiff's principal place of business is in Michigan, so Michigan has a substantial relationship to one contracting party. Also, Michigan's commercial code is nearly identical to California's in the relevant particulars, so Michigan law is not contrary to a fundamental California policy.

■ 2. Under Michigan law, the lease did not create a security interest. Applying Michigan Compiled Laws § 440.1201(37), and looking at all the facts in the record, we conclude that the lease is a lease, and is not governed by Article 9 of Michigan's version of the Uniform Commercial Code. For example, the lessee was entitled to terminate the lease at any time, with 30 days' notice, and was never obliged or even entitled to take title to the property.

■ 3. Plaintiff properly mitigated its damages. First, we decline to reach the argument that the Notice of Default was deficient, because this argument is raised for the first time on appeal. *Whittaker Corp. v. Execuair Corp.,* 953 F.2d 510, 515 (9th Cir.1992). Second, Defendant failed to adduce any facts in the summary judgment record to suggest that any of Plaintiff's sales was deficient or produced less than an appropriate amount of offset. Mere speculation that something more might have been accomplished by some other means is not enough.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.